IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| BYRON K. SHELTON, | ) |
| Plaintiff, | ) NO. 1:13-cv-0148 |
| v. | ) JURY DEMAND |
| LAWRENCE COUNTY SHERIFF'S DEPARTMENT and JIMMY BROWN, Individually and in his Official Capacity, | ) JUDGE HAYNES |
| Defendants. | ) |

## CASE MANAGEMENT ORDER No. 1

Pursuant to Local Rule 16.01(d) of the Local Rules of the United States District Court for the Middle District of Tennessee, the parties submit the following Case Management Order.

### I. Jurisdiction and Venue

Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367(a). Venue is proper under 28 U.S.C. § 1391. This Court has authority to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

### II. Parties' Theories of the Case

**1. Plaintiff's Theory of the Case**

Mr. Shelton worked as a Deputy Sheriff for the Defendant from July 15, 1996 until November 30, 2012. At the time of his discharge, Mr. Shelton was employed as a Deputy Sheriff. Mr. Shelton was qualified for his job with the LCS and performed his job duties in a competent and satisfactory manner. In July 2010, Mr. Shelton was shot in the line of duty, as a result, he required multiple surgeries and was out of work covered by LCS's occupational

insurance. As a result of the workplace injury, Mr. Shelton has a physical impairment, a mental impairment and a record of a physical and mental impairment as defined by 29 C.F.R. §1630.2(h). As a result, Plaintiff is a qualified individual with a disability. In February 2012, the case worker for LCS's occupational insurance ordered a functional capacity test and Mr. Shelton was released back to work in a light duty position. However, LCS refused to return him to work, or discuss with him what, if any, physical limitations he had and whether a reasonable accommodation could be made. To his knowledge the decision to not return him to work was made by the Sheriff, Jimmy Brown. Mr. Shelton complained to LCS about its failure to return him to work in some capacity, particularly since he had been made aware of light duty positions he could have performed. Plaintiff was terminated on November 30, 2012. Mr. Shelton's termination letter stated that "due to physical limitations that you have as a result of life threatening injuries you sustained in the line of duty in 2010, [ ] you are not able to perform the duties of Police Officer/Deputy Sheriff."

### 2. Defendant's Theory of the Case

Defendants Lawrence County, Tennessee, and Jimmy Brown, individually and in his official capacity as Sheriff of Lawrence County, Tennessee, submit the following brief theory of the case based upon Plaintiff's Amended Complaint filed with the Court on January 16, 2014.

Defendants did not discriminate against Plaintiff or engage in unlawful employment practices in violation of the Tennessee Disability Act, Americans with Disabilities Act or Rehabilitation Act. Defendants aver that Plaintiff was unable to perform the essential functions of the job of Deputy Sheriff at the time of his termination in November of 2012. Defendants aver that Plaintiff did not propose or request a reasonable accommodation from Defendants. Moreover, no reasonable accommodation was available to Plaintiff absent an undue hardship to

the operation of the Lawrence County Sheriff's Department. At all times relevant to Plaintiff's Complaint, Defendants made a good faith effort to comply with the law, and the decision to terminate Plaintiff was based upon legitimate, non-discriminatory reasons.

### III. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosures

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within 30 days from the date of the initial case management conference.

#### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believe that one of the Alternative Dispute Resolution (ADR) procedures under the Local Rules would further assist the parties in resolving this matter.

#### C. Other Pretrial Discovery Matters

The Parties anticipate the case will be ready for jury trial by April 28, 2015, and anticipate it will last three (3) to four (4) days.

If this action is to be settled, the Law Clerk shall be notified by noon on April 24, 2015. If the settlement is reached thereafter, resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held April 6, 2014, at 3:00 p.m. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **October 24, 2014**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **October 24, 2014**. All discovery-related motions shall be filed by the close of business on **November 10, 2014**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and <u>Daubert</u> motions shall be filed by the close of business on **December 8, 2014**. Responses to dispositive motions shall be filed within thirty (30) days after the filing of the motion. Optional replies may be filed within fourteen (14) days after the filing of the response and shall not exceed five (5) pages.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments shall be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court shall

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.
[2] Strict compliance is required to Rule 8(b)(7), Local Rules of Court, relating to motions for summary judgment.

govern.

By the close of business on **August 19, 2014**, the plaintiff shall declare to the defendants (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **September 19, 2014**, the defendants shall declare to the plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **October 14, 2014**. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. A treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 12(c)(6) relating to expert witnesses shall apply in this action, and strict compliance is required.

IV. **OTHER AGREEMENTS REACHED BY THE PARTIES:**

   a. <u>Third Party Subpoenas</u>

   The Parties anticipate third-party discovery pursuant to Fed. R. Civ. P. 45. The Parties agree to provide each other at least three (3) business days advance notice prior to issuance of a subpoena.

   b. <u>Electronic Discovery</u>

   The parties agree to abide by Administrative Order No. 174. To the extent necessary, the Parties may enter into a separate agreement concerning the procedures to be followed with regard to searching for and producing Electronically Stored Information ("ESI").

   c. <u>Electronic Service</u>

   Counsel for the parties agree to service of case-related material not otherwise filed through the Clerk's Office by electronic mail attachment in PDF format, in addition to any other format as agreed, sent to opposing counsel's email address who shall then accept such electronic service of case-related documents in lieu of the delivery of printouts or other physical copies.

   It is so **ORDERED**.

   ENTERED this the /4th day of February, 2014.

   WILLIAM J. HAYNES, JR.
   United States District Judge